## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD EDWIN LUNDQUIST, III, Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION COMPLAINT |
| CLARK & WASHINGTON, P.C., and EMORY LEE CLARK, | ) ) ) | |
| Defendants. | ) ) ) | |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Richard Edwin Lundquist, III, by and through undersigned counsel, on behalf of himself and all other similarly situated clients and former clients of Defendant Clark & Washington, P.C. and Defendant Emory Lee Clark, alleges upon personal knowledge as to himself and his own acts, and upon information and belief (based upon the investigation conducted by counsel) as to all other matters, as to which allegations he believes substantial evidentiary support will exist after a reasonable opportunity for further investigation and discovery, as follows:

1

## I.    INTRODUCTION

1.     Defendant Clark & Washington, P.C., and its managing partner Defendant Emory Lee Clark, are one of the largest filers of consumer bankruptcy cases in the United States Bankruptcy Court for the Northern District of Georgia.

2.     Defendants advertise, through various media including a website, legal representation for cases filed under 11 U.S.C. § 701 et. seq. (hereafter "Chapter 7") for a down-payment of $299.00, with an installment plan covering the remainder of the fee to follow.  This installment plan includes, and has included on many occasions, the practice of having clients tender personal checks post-dated to be cashed during various intervals following the planned filing of their bankruptcy cases – and sometimes after the bankruptcy cases have been completed.

3.     Defendants, despite boasting on their website that they are "up front about costs and fees from the very beginning," do not disclose to their potential clients that the post-dated checks Defendants accept and intend to cash during and/or after the planned bankruptcy cases represent a debt subject to discharge through those same cases.   Thus, Defendants have established a practice of publicly claiming to absolve clients of all debt incurred prior to the filing of a bankruptcy case (hereafter "pre-petition debt"), while privately working instead to

*create* pre-petition debt covering Defendants' fees and concealing said debt from their clients to prevent the clients from exercising the right not to pay the discharged debt.

4       Plaintiff, a former client of Defendants who was induced to tender post-dated checks to Defendants for legal representation, was not informed that the debt represented by the post-dated checks was subject to discharge through his case, and subsequently allowed Defendants to cash said checks.

5.      Plaintiff brings this action as a Class Action pursuant to Rules 23(a) and 23 (b)(1) and 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons who hired Defendant for the purpose of legal representation during actions under Chapter 7 and paid the requisite fee in post-dated personal checks.

## II.     JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1334(b) (as this proceeding arises out of and/or is related to Title 11 of the United States Code), and personal jurisdiction over Defendants pursuant to Fed R. Civ. P. 4.

7.      Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

### III. PARTIES

8.     Plaintiff is a natural person residing at 2747 Chamberlain Court, Lawrenceville, Gwinnett County, Georgia.  At all times relevant to this action Plaintiff was a citizen of the State of Georgia.

9.     The membership of the class in-question (further described below, and hereafter referred to as the "Class") consists of persons residing in Georgia, Florida and Tennessee who hired Defendants to represent them in actions under Chapter 7, agreed to tender payment for a flat-fee representation in the form of post-dated personal checks, and then tendered said checks to Defendants.

10.     Defendant Clark & Washington, P.C. is a Georgia law firm, organized as a professional corporation, engaged in the business of representing debtors in consumer bankruptcy cases in this State, among others (including Tennessee and Florida), with its principal place of business, as listed with the Georgia Secretary of State, located at 3300 Northeast Expressway NE, Bld 3, Atlanta, Georgia 30341-3941.  Its registered agent for service of process and CEO, Emory L. Clark, can be reached at that same address.

11.     Defendant Emory Lee Clark is a natural person and may be served at 3300 Northeast Expressway NE, Bld 3, Atlanta, Georgia 30341-3941.  Defendant Emory Lee Clark is a licensed attorney specializing in bankruptcy law.  He is the

4

co-founder and managing partner of Defendant Clark & Washington, P.C.  At all times relevant to this action, Defendant Emory Lee Clark was a resident of the State of Georgia and established and approved all policies and procedures utilized by Defendant Clark & Washington, P.C.

## IV.   STATEMENT OF FACTS

12.     Title 11 of the United States Code, commonly referred to as the "Bankruptcy Code", was most recently amended in October of 2005 (known as the "Bankruptcy Abuse Prevention and Consumer Protection Act") and contains rules regulating the collection of attorneys fees for representation of clients during actions under Chapter 7.

13.    Among the provisions contained in the amended Bankruptcy Code are section 329 (requiring that a debtor's attorney file a disclosure of the nature of his/her fee agreement), section 727(b) (establishing that a discharge order discharges a debtor of all debt incurred prior to filing the petition for relief) and section 524 (which enjoins the collection of any debt incurred prior to the filing for the petition for relief).

14.    Following the 2005 amendment, and despite these rules, Defendant Clark & Washington, P.C. maintained a practice of actively soliciting clientele (via direct mail and through their website) with offers to represent them in cases filed

under Chapter 7 with only a minimal amount paid up front (typically just the $299.00 filing fee), with the remainder of the attorneys fees incurred prior to the filing of the underlying case to be collected after the filing of said case.

15.    As part of this model, Defendants charged a flat fee for their services for cases filed under Chapter 7, allowed clients to pay the small amount described above pre-petition (usually just the filing fee), and then accepted the remainder of the flat fee in post-dated personal checks pre-petition, with the stated intention of cashing them after the filing of the cases in-question.

16.    The contracts executed by Defendants and their Chapter 7 clients following the 2005 amendment did not inform the client that the post-dated checks represented a pre-petition debt that was subject to discharge through their Chapter 7 case.

17.    Defendant Emory Lee Clark, as the managing partner of Defendant Clark & Washington, P.C., is responsible for promulgating and/or approving all policies and procedures employed by Defendant Clark & Washington, P.C., including the policy regarding post-dated personal checks.

18.    Despite their assertion on their website that they are "up front about costs and fees from the very beginning," Defendants did not otherwise inform their clients that the pre-petition attorneys fees represented by the post-dated checks constituted a dischargeable debt.

19.     Between October of 2005 and present, Defendants have represented hundreds of clients in Georgia, Florida and Tennessee in cases under Chapter 7 and have routinely collected post-dated checks as compensation for pre-petition legal services.

20.     Upon information and belief, Defendants have attempted to cash post-dated checks both after the filing of many underlying Chapter 7 cases, and following the discharge in many others.

21.     Upon information and belief, Defendants may have sent clients collection letters via regular United States mail and/or made telephone calls to attempt to collect on post-petition checks that were returned for insufficient funds.

22.     The practice of collecting pre-petition attorney's fees in post-dated, post-petition checks was addressed and condemned in several recent decisions, including decisions by the United States Bankruptcy Court for the Eastern District of Tennessee in *In re Waldo*, 417 B.R. 584 (2009), and by the United States Bankruptcy Court for the Middle District of Florida Tampa Division in *Walton v. Clark & Washington, P.C.*, case number 8:09-mp-00010-MGW (2011).

23.     Following these decisions, and without regard for the precedent set therein, Defendants willfully continued to solicit and accept post-dated personal checks pre-petition for payment of flat-fee arrangements with the intention of cashing said checks following the filing and discharge of many Chapter 7 cases.

24.     In late 2010, Defendants sent letters to Plaintiff soliciting bankruptcy representation designed to save his home from foreclosure.

25.     This solicitation, received through the United States mail, offered representation for as low as $299.00 down, and did not disclose that any pre-petition fees paid in post-dated personal checks would be subject to discharge.

26.     Plaintiff responded to the solicitation and called Defendant Clark & Washington P.C. on January 3, 2011.  During this conversation, he inquired about the fee for representation during a case filed under Chapter 7.  He was informed that the fee would be $1,700.00.  He was not informed that any pre-petition fees paid in post-dated personal checks would be subject to discharge.

27.     Plaintiff met with attorney Kimberly Rayborn at Defendants' Chamblee office on January 4, 2011 (the morning of the scheduled foreclosure auction of his home).  Plaintiff signed a "Chapter 7 Flat Fee Agreement" wherein he agreed to pay $800.00 for representation.  At the same meeting, Plaintiff was asked to pay the sum of $364 (covering filing fee, credit counseling and credit report costs) and tender five (5) post-dated personal checks in the amounts of $160.00 each.  Plaintiff paid $364.00 to Defendants and tendered the five post-dated checks as requested.  The first post-dated check was scheduled to be cashed on February 25, 2011, with a check scheduled for the 25th of each following month.

28.     Plaintiff received multiple documents and notices from Defendants

during the meeting on January 4, 2011.  These documents discussed both debts that were dischargeable and debts that were not dischargeable.  None of the documents disclosed that any pre-petition fees paid in post-dated personal checks prior to the filing of the underlying cases would be subject to discharge.  Likewise, neither attorney Rayborn nor any other staff member employed by Defendants disclosed that any pre-petition fees paid in post-dated personal checks prior to the filing of the underlying cases would be subject to discharge during the meeting on January 4, 2011.

29.     Defendants filed a Chapter 7 case on behalf of Plaintiff later in the day on January 4, 2011.

30.     Plaintiff received a discharge on April 21, 2011.

31.     While Plaintiff's case was active, Defendants cashed one or more of the post-dated checks issued by Plaintiff prior to the filing of the underlying case. Defendants neither requested nor received relief from the automatic stay imposed by the case in order to collect the pre-petition debt.

32.     Defendants have cashed one or more of the post-dated checks issued by Plaintiff prior to the filing of the underlying case following the discharge of his case.

33.     Unaware that the unpaid portion of their fees (represented by the post-dated personal checks) were dischargeable debts under Chapter 7, Plaintiff

and the Class allowed Defendants to unlawfully cash and collect these dischargable fees following the filing, completion and discharge of their respective cases.

## V. CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this Class Action pursuant to Rules 23(a) and 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons that hired Defendants to represent them during their bankruptcy cases under Chapter 7 and paid their attorneys fees in post-dated personal checks prior to the filing of the underlying cases following October of 2005 through present.

35.    **Numerosity**.  The Class consists of persons located in the states of Georgia, Florida and Tennessee, thus, the members of the Class are so numerous that joinder of all Class members would be impracticable.  The exact number of Class members may not presently known to Plaintiff, but can readily be determined by appropriate discovery.

36.    **Typicality**.  Plaintiff's claims are typical of the claims of the Class members because they are based on the same factual, legal and remedial theories as the claims of the Class.

37.    **Adequacy of Representation**.  Plaintiff will fairly and accurately protect the interests of the members of the Class and has retained counsel

competent and experienced in litigation, as well as consumer bankruptcy law. Plaintiff has no interest that is adverse or antagonistic to those of the Class.

38.   **Predominance and Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a)   Common questions of law and fact predominate over any individual questions that may arise.

(b)   No member of the Class has a substantial interest in individually controlling the prosecution of a separate action.

(c)   Upon information and belief, there are no pending lawsuits concerning this controversy.

(d)   It is desirable to concentrate the litigation of these claims in this forum since the acts complained of by the lead Plaintiff took place in this district and this forum is convenient to the parties, the members of the Class, and the potential witnesses.   The resolution of the claims of all members of the Class in a single forum, and in a single proceeding, would be a fair and efficient means of resolving the issues raised in this litigation.

(e)   Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying

11

adjudications which would establish incompatible standards of conduct for Defendants.

(f)     The Class is specifically identifiable to facilitate provision of adequate notice and there will be no significant problems managing this case as a class action

(g)     Resolution of Class members' claims in this single class action is superior to resolution of this controversy through the filing of a host of individual actions as a matter of efficiency, consistency and in that it removes economic and other barriers to members of the Class pursuing their claims.

(h)     Because the damages suffered by many individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to individually seek redress for the wrongful conduct alleged herein.

39.     **Common Questions of Law and Fact**.   Common questions of law and fact exist as to all members of the Class and predominate any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are the following:

(a)    Whether Defendants' acceptance of post-dated personal checks as payment for attorneys fees related to representation under Chapter 7 pre-petition creates a debt incurred prior to the filing of the underlying bankruptcy case when Defendants intend to cash said checks following the filing of the underlying bankruptcy case.

(b)    Whether Defendants' practice of soliciting clients via the United States mail and its website by offering representation in return for post-dated checks accepted prior to the filing of a bankruptcy case but to be cashed following the filing of said case violates state and federal law when Defendants do not disclose that said checks create a debt that is dischargeable;

(c)    Whether Defendants' practice of entering into a fee agreement with clients for representation under Chapter 7 in return for post-dated personal checks accepted prior to filing but to be cashed after the filing of the underlying bankruptcy case violates state and federal law when Defendants do not disclose that said checks create a debt that is dischargeable;

(d)    Whether Defendants' practice of cashing post-dated personal checks received prior to the filing of a Chapter 7 case while said case is still open violates state and federal law when Defendants have not obtained the requisite permission from the appropriate Court to collect said debt;

(e)    Whether Defendants' practice of cashing post-dated personal checks received before the filing of a bankruptcy case after a discharge is entered in said case violates state and federal law.

(f)    Whether Defendants' failure to disclose the dischargeable nature of the debt created by the post-dated personal checks received prior to the filing of the underlying bankruptcy cases violates state and federal law.

## FIRST CLAIM FOR RELIEF
### (Federal RICO violations)

40.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

41.    Defendants violated the Federal Racketeer Influenced and Corrupt Organizations Act (hereafter "RICO"). Defendants' violations include, but are not limited to, the following:

(a)    Defendants violated 18 U.S.C. § 1962(a) by receiving income from racketeering activities, which include but are not limited to the practice of soliciting clients through the United States mail for representation under Chapter 7 through installment plans that ultimately include accepting fees in the form of post-dated personal checks prior to filing (with the intention of unlawfully cashing them

following the filing and/or discharge of the case), and by reinvesting income in an organization that pursues racketeering activities.

(b)     Defendants violated 18 U.S.C. § 1962(b) by maintaining control of an entity that effects interstate commerce through a pattern of racketeering activity, which includes but is not limited to the practice of soliciting clients in various states including Florida, Georgia and Tennessee through the United States mail with advertisements offering representation under Chapter 7 through installment plans that ultimately include accepting fees in the form of post-dated personal checks prior to filing with the intention of unlawfully cashing them following the filing and/or discharge of the case.

42.     As a result of the foregoing violations of RICO, Defendants are liable to Plaintiff and members of the Class, pursuant to 18 U.S.C. § 1964 *et seq*,. for declaratory judgment that Defendants' conduct violated RICO, treble compensatory and punitive damages, and costs of attorney's fees.

## SECOND CLAIM FOR RELIEF

### (State RICO Violations)

43.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

44.   Defendants violated the State of Georgia's Racketeer Influenced and Corrupt Organizations Act (hereafter "State RICO").   Defendants' violations include, but are not limited to, the following:

(a)   Defendants violated O.C.G.A. § 16-14-4 (a) by acquiring money in the form of dischargeable post-petition fees through a pattern of racketeering activity, which includes but is not limited to the practice of soliciting clients through the United States mail for representation under Chapter 7 through installment plans that ultimately include accepting fees in the form of post-dated personal checks prior to filing with the intention of unlawfully cashing them following the filing and/or discharge of the case.

(b)   Defendants violated O.C.G.A. § 16-14-4 (b) by participating in a  pattern of racketeering activity, which includes but is not limited to the practice of soliciting clients through the United States mail with advertisements  offering  representation  under  Chapter  7  through installment plans that ultimately include accepting fees in the form of

post-dated personal checks prior to filing with the intention of unlawfully cashing them following the filing and/or discharge of the case.

45.     As a result of the foregoing violations of State RICO, Defendants are liable to Plaintiff and members of the Class, pursuant to O.C.G.A. § 16-14-6 for declaratory judgment that Defendants' conduct violated State RICO, treble compensatory and punitive damages, and costs of attorney's fees.

## THIRD CLAIM FOR RELIEF

### (Discharge Violations)

46.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

47.     Defendants violated the provisions of the Bankruptcy Code relating to discharged debts.  Specifically, Defendants violated the injunctions imposed by 11 U.S.C. § 524 *et. seq.* by collecting and/or attempting to collect pre-petition debt in the form of attorneys fees represented by post-dated checks accepted prior to the filing of the underlying cases that were discharged by 11 U.S.C. § 727 *et. seq*.

48.     As a result of the foregoing violations of the Bankruptcy Code relating to discharged debts, Defendants are liable to Plaintiff and members of the Class, pursuant to 11 U.S.C. § 105 *et. seq,.* for declaratory judgment that

Defendants' conduct violated 11 U.S.C. § 524 and 11 U.S.C. § 727, damages, and costs of attorney's fees.

## FOURTH CLAIM FOR RELIEF

### (Automatic Stay Violations)

49.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

50.   Defendants violated the automatic stay imposed and created by the Bankruptcy Code.  Specifically, Defendants violated 11 U.S.C. § 362 *et. seq.* by collecting and/or attempting to collect pre-petition debt in the form of attorneys fees represented by post-dated checks accepted prior to the filing of the underlying case during the pendency of Plaintiff's action and the actions of and members of the Class under Chapter 7.

51.   As a result of the foregoing violations of automatic stay imposed and/or created by the Bankruptcy Code, Defendants are liable to Plaintiff and members of the Class, pursuant to 11 U.S.C. § 362(k), for declaratory judgment that Defendants' conduct violated 11 U.S.C. § 362 *et. seq.*, compensatory and punitive damages, and costs of attorney's fees.

## FIFTH CLAIM FOR RELIEF

### (Conflict of Interest Violations)

52.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

53.   Defendants violated provisions of the Georgia Rules of Professional Conduct and the Bankruptcy Code relating to prohibited conflicts of interest between attorneys and clients, and/or debt relief agencies and clients. Defendants' violations include, but are not limited to, the following:

(a)   Defendants violated Rule 1.7 et. seq. of the Georgia Rules of Professional Conduct by continuing to represent Plaintiff and members of the Class while placing their own interests, including collecting attorneys fees in the form of post-dated checks collected prior to the filing of the underlying cases ahead of their clients' interest in receiving a discharge of all pre-petition debt, including the fees represented by those same post-dated checks.

(b)   Defendants violated 11 U.S.C. § 526(a)(4) by advising Plaintiff and members of the Class to incur debt in the form of post-dated checks presented prior to the filing of the underlying cases in contemplation of the filing of their respective cases.

54.    As a result of the foregoing violations of the Georgia Rules of Professional Conduct and the Bankruptcy Code, Defendants are liable to Plaintiff and members of the Class, pursuant to 11 U.S.C. § 105 *et seq,.* for declaratory judgment that Defendants' conduct violated provisions of the Georgia Rules of Professional Conduct and the Bankruptcy Code relating to prohibited conflicts of interest between attorneys and clients, and/or debt relief agencies and clients, damages, and costs of attorney's fees.

## SIXTH CLAIM FOR RELIEF

### (Fraud)

55.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

56.    Defendants are liable to Plaintiff and members of the Class in tort for fraud.    Specifically, Defendants made false representations to Plaintiff and members of the Class and/or knowingly omitted and withheld information about the dischargeable and collectable nature of the attorneys fees it requested via post-dated checks.    Defendants made these representations, upon which Plaintiff and members of the Class relied, with the intention of convincing Plaintiff and members of the Class to allow Defendants to cash said checks following the filing and/or discharge of the underlying cases despite their dischargeable nature.

57.    As a result of the foregoing allegations of fraud, Defendants are liable to Plaintiff and members of the Class, pursuant to O.C.G.A § 51-6-1 *et. seq,.* for declaratory judgment that Defendants' conduct constituted fraud, compensatory and punitive damages, and costs of attorney's fees.

## SEVENTH CLAIM FOR RELIEF

### (Mail Fraud)

58.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

59.    Defendants have violated the federal statute prohibiting mail fraud. Specifically, Defendants violated 18 U.S.C. § 1341 by using the United States mail to advertise representation under Chapter 7 for post-petition payment plans which ultimately operated to induce Plaintiff and members of the Class to pay a debt to Defendants that was subject to discharge through their underlying cases.

60.    As a result of the foregoing allegations of mail fraud, Defendants are liable to Plaintiff and members of the Class and are subject to fines not to exceed $1,000,000.00 pursuant to 18 U.S.C. § 1341 *et. seq.*

## EIGHTH CLAIM FOR RELIEF

### (Bankruptcy Fraud)

61.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

62.    Defendants have violated the federal statute prohibiting bankruptcy fraud. Specifically, Defendants violated 18 U.S.C. § 157 by inducing Plaintiff and members of the Class to allow collection of dischargeable attorneys fees following the filing and/or discharge of the underlying cases, such action constituting a false representation that the pre-petition fees in question are valid, nondischargeable debts.

63.    As a result of the foregoing allegations of bankruptcy fraud, Defendants are liable to Plaintiff and members of the Class and are subject to fines pursuant to 18 U.S.C. § 157.

## NINTH CLAIM FOR RELIEF

### (Fraudulent Fee Agreement)

64.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

65.    Defendants have violated the federal statute prohibiting an attorney from entering into a fraudulent fee agreement with another party to a bankruptcy case.  Specifically, Defendants violated 18 U.S.C. § 155 by entering into a fee agreement with Plaintiff and members of the Class wherein they were encouraged to pay dischargeable pre-petition attorneys fees following the filing of the underlying case without any notice that said fees are dischargeable.

66.    As a result of the foregoing allegations of bankruptcy fraud, Defendants are liable to Plaintiff and members of the Class and are subject to fines pursuant to 18 U.S.C. § 155.

## TENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

67.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

68.    By cashing post-dated checks, which were issued prior to the filing of the underlying bankruptcy case and represent a debt subject to discharge, without obtaining relief from the automatic stay imposed through the case, and/or by cashing said checks following the discharge of the underlying bankruptcy case, Defendants are obtaining money that, in justice and equity, belongs to Plaintiff and members of the Class.

69.     Defendants have accordingly been unjustly enriched and must return all funds collected via post-dated checks to Plaintiff and the Class.

## ELEVENTH CLAIM FOR RELIEF

### (Fraud by Concealment)

70.     Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

71.     Defendants, as attorneys specializing in bankruptcy law, had knowledge superior to that of Plaintiff and the Class about the dischargeability of post-dated checks accepted prior to the filing and/or discharge of the underlying cases.   By inviting Plaintiff and the Class to pay for representation using dischargeable post-dated checks without disclosing their dischargeable nature, Defendants have intentionally and/or recklessly concealed a material fact within their knowledge.  Such concealment was designed to induce Plaintiff and the Class to allow Defendants to collect a debt subject to discharge through the underlying bankruptcy case.

72.     Defendants' concealment has caused Plaintiff and the Class to allow Defendants to unlawfully collect debts that have been discharged, resulting in damage.  Plaintiff and the Class are entitled to damage in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests as follows individually and on behalf of the members of the Class:

A.      That this Court certify this action as a class action under Rule 23(b)(1), 23(b)(2) and 23(b)(3);

B.      That this Court declare that Defendants have violated the state and federal laws and statutes described above;

C.      That this Court order Defendants to disgorge all fees collected for representation of Plaintiff and Class members during their consumer bankruptcy actions, plus interest.

D.      That this Court award actual and punitive damages to Plaintiff and Class members;

E.      That this Court award Plaintiff and Class members treble punitive damages pursuant to RICO and state RICO;

F.      That this Court award to Plaintiff and Class members reasonable costs and attorney's fees;

G.      That this Court impose fines against Defendants pursuant to the statutes described above; and

H.     That this Court award such other relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury for all issues so triable on behalf of himself and members of the Class.

*[Signatures on the next page]*

The undersigned certify that the foregoing pleading was prepared with Times New Roman 14 point font in accordance with Local Rule 5.1 C.

This 20th day of September 2011.

Terry Haygood
Attorney for Plaintiff
State Bar No. 340567

Law Office of Terry Haygood
401 Broad Street, Ste. 102
Rome, GA 30161
(706) 232-2222
terryhaygood@terryhaygood.com

Thomas D. Womack
Attorney for Plaintiff
State Bar No. 572724

Law Office of Terry Haygood
215 Main Street
Dallas, GA 30132
(770) 445-1553
twomack84@gmail.com

## VERIFICATION OF CLASS ACTION COMPLAINT BY PLAINTIFF

STATE OF GEORGIA

COUNTY OF *Gwinnett*

Richard Edwin Lundquist, III, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this class action civil proceeding.

2. I have read the above-entitled civil Class Action Complaint and Demand for Jury Trial prepared by my attorney and I believe that all of the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Class Action Complaint and Demand for Jury Trial is well grounded in fact and warranted by existing law or by good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Class Action Complaint and Demand for Jury Trial is not interposed for any improper purpose, such as to harass the Defendant(s), cause unnecessary delay to the Defendant(s), or create a needless increase in the cost of litigation to the Defendant(s), named in the Class Action Complaint and Demand for Jury Trial.

5. I have filed this civil Class Action Complaint and Demand for Jury Trial in good faith and solely for the purposes set forth in it.

Richard Edwin Lundquist, III